Document 1

Document 2

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

FILED
June 3, 2005

No. 05-10(L)
CR-98-47
CA-03-356-2

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

RICHARD THOMAS STITT, a/k/a Patrick V. Hardy, a/k/a Tom Tom

Defendant - Appellant

No. 05-11
CR-98-47
CA-03-356-2

UNITED STATES OF AMERICA

Plaintiff - Appellant

v.

RICHARD THOMAS STITT, a/k/a Patrick V. Hardy, a/k/a Tom Tom

Defendant - Appellee

---------
O R D E R
---------

The Court consolidates these cases for purposes of briefing
and oral argument and directs that:

1.   Richard Thomas Stitt is designated the appellant
     for purposes of briefing, preparation of the joint
     appendix, and oral argument;

2.   one joint brief shall be permitted per side;

3.   the parties on each side shall share the time

allowed for oral argument;

4. each side shall notify the Court of the attorney designated as lead counsel within ten days of the date of this order.

For the Court - By Direction

/s/  Patricia S. Connor
_____
CLERK

*United States Court of Appeals*
*For the Fourth Circuit*
*Lewis F. Powell, Jr. United States Courthouse Annex*

*Patricia S. Connor*                      *1100 East Main Street, Suite 501*                      *Telephone*
*Clerk*                      *Richmond, Virginia  23219-3517*                      *(804) 916-2700*

June 3, 2005

Fernando Groene, Esq.
OFFICE OF THE U. S. ATTORNEY
Fountain Plaza Three
721 Lakefront Commons, Suite 300
Newport News, VA 23606

Gerald Thomas Zerkin, Esq.
OFFICE OF THE FEDERAL PUBLIC DEFENDER
830 East Main Street, 11th Floor
Richmond, VA 23219

Amy Leigh Austin, Esq.
OFFICE OF THE FEDERAL PUBLIC DEFENDER
830 East Main Street, Suite 1100
Richmond, VA 23219

Jeffrey Lance Stredler, Esq.
WILLIAMS, MULLEN, HOFHEIMER, NUSBAUM, PC
Dominion Tower, Suite 1700
P. O. Box 3460
Norfolk, VA 23514

Kelly Elizabeth Mofield, Esq.
WILLIAMS, MULLEN, HOFHEIMER, NUSBAUM, PC
Dominion Tower
P. O. Box 3460
Norfolk, VA 23514

Re: 05-10(L),  US v. Richard Stitt
CR-98-47
CA-03-356-2

05-11, US v. Richard Stitt
CR-98-47
CA-03-356-2

Re:  05-10(L), US v. Richard Stitt
June 3, 2005
Page 2

_____

Dear Counsel:

We docketed these appeals, numbers 05-10 and 05-11, on 6/2/05.  The lead case number, 5-10(L), should be placed on all papers subsequently submitted to this Court. Enclosed is an order consolidating these appeals for the purpose of briefing, preparation of the joint appendix and oral argument and designating Richard Stitt as the appellant for purposes of briefing and oral argument.

Appellants must file the docketing statements with the required attachments in the office of the clerk, within 14 days of filing of the notice of appeal.

A briefing schedule will be established and forwarded to the parties upon receipt of certification that the record is complete or upon determination by the clerk of the court of appeals that no hearing was held, that no transcript is necessary, or that the transcript is already on file.  The briefing schedule for No. 05-10 will be established pursuant to this Court's Local Rule 22(a), a copy of which is enclosed.  After the Court has resolved the issue of a certificate of appealability, the briefing schedule for the cross-appeal will be established.

Enclosed is an order appointing the Federal Public Defender and Jeffrey Stredler as counsel for the appellant/cross-appellee in these cases.  A counsel of record form is also enclosed and must be completed and returned to this office within fourteen days of the date of this letter.

Counsel are responsible for assuring that all documents are timely filed by actual receipt in the appropriate clerk's office.  Noncompliance with jurisdictional deadlines will prevent the Court from considering an appeal.  Failure to meet other deadlines may result in dismissal for failure to prosecute or in imposition of sanctions.  See Local Rule 45, 46(g).  If you would like a file-stamped copy of your document returned to you, please include an extra copy and a self-addressed, stamped envelope.  If the appellee wishes to obtain a copy of the transcript which has been ordered by the appellant, he or she may do so by ordering a copy directly from the court reporter.

In order to protect personal information, parties must partially redact social security numbers, dates of birth, financial account numbers, names of minor children and (in criminal cases) home addresses in documents filed with this Court. Dockets, opinions, rules, forms, and the Court calendar can be obtained from the Court's Website, www.ca4.uscourts.gov.

If you desire to inquire about your case by telephone, please contact me directly by dialing (804) 916-2725.

Yours truly,

PATRICIA S. CONNOR
　　　Clerk


　　　　　　/s/ Beth Walton

By: _____
　　　Beth Walton
　　　Deputy Clerk

Enclosures

**Rule 22.  Habeas Corpus and Section 2255 Proceedings**

**(a) Application for the Original Writ.**  An application for a writ of habeas corpus must be made to the appropriate district court. If made to a circuit judge, the application must be transferred to the appropriate district court.  If a district court denies an application made or transferred to it, renewal of the application before a circuit judge is not permitted.  The applicant may, under 28 U.S.C. § 2253, appeal to the court of appeals from the district court's order denying the application.

**(b) Certificate of Appealability.**

(1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue.  The district clerk must send the certificate or statement to the court of appeals with the notice of appeal and the file of the district-court proceedings.  If the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate.

(2) A request addressed to the court of appeals may be considered by a circuit judge or judges, as the court prescribes.  If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals.

(3) A certificate of appealability is not required when a state or its representative or the United States or its representative appeals.

*Local Rule 22(a).  Certificates of Appealability.*
*    (1) The following procedures apply in cases in which the district court has not granted a certificate of appealability ("certificate"):*
*        (A) The appellant may submit a request for a certificate with the Court of Appeals specifying the issues on which the appellant seeks authorization to appeal and giving a statement of the reasons why a certificate should be issued.  The request shall be submitted either in the form prescribed by Fed. R. App. P. 27 for motions or on a form provided by the clerk.  The clerk shall refer the request and other relevant materials to a three-judge panel.  If the panel denies a certificate, the appeal will be dismissed.  If the panel grants a certificate, the clerk shall enter a briefing order specifying the issues the Court will review.*

NOTE: Subsection (1)(A) allows an appellant to request a certificate before a briefing order is entered.  With respect to the form of the request, the Rule largely tracks former Fourth Circuit Rule 22(a).
   Because briefing orders are entered promptly after the appeal is docketed, this subsection is likely to affect relatively few appellants.  However, when an appellant does file a request before a briefing order is

07/08/03                                    22-1

entered, the most efficient course for the Court is to consider that request without waiting for a brief.

*(B) If no express request for a certificate has been filed pursuant to Subsection (1)(A) of this Rule, the notice of appeal will be treated as a request for a certificate. See Fed. R. App. P. 22(b)(2). To assist the Court in resolving this request, the clerk shall enter a Preliminary Briefing Order directing the appellant to file a brief on the merits and, if required by applicable rules, an appendix. The Preliminary Briefing Order shall neither require nor authorize a brief from the appellee, nor shall it make any statement regarding a reply brief by the appellant, but in all other respects it shall be substantially identical to a standard briefing order entered pursuant to Local Rule 31(b) or Local Rule 34(b), as appropriate. The clerk shall refer the appellant's brief and other relevant materials to a three-judge panel for a determination of whether the appellant has made a substantial showing of the denial of a constitutional right as to any claim presented in the brief. If the panel denies a certificate, the appeal will be dismissed. If the panel grants a certificate, the clerk shall enter a Final Briefing Order stating that a certificate has been granted and directing the appellee to file a brief addressing the issue or issues that the Court has accepted for review, and providing for the filing of a reply brief by the appellant.*

NOTE: Subsection (1)(B) sets forth the procedures that are likely to be followed in most cases. Under these procedures, the Court, having not received any request for a certificate, will direct the appellant to file a brief on the merits. Although not expressly stated in the Rule, the appellant may also file a separate request for a certificate along with his brief; this ensures that the appellant will not be prevented from making arguments relating to the certificate that are separate from the arguments on the merits. Regardless of whether a separate request is filed, the Court will look at the brief but will not use it to make a final decision; instead, as stated in this section, the Court will only determine whether the appellant has made the showing required by 28 U.S.C. § 2253(c)(2). If a certificate is granted, the Court will enter an order directing the appellee to file a brief addressing the issues the Court has accepted for review.

*(2) The following procedures apply in cases in which the district court has granted a certificate of appealability as to at least one issue:*
*(A) The appellant may submit a request for a certificate as to additional issues, along with a statement of the reasons why the expanded certificate should be issued. The request shall be submitted either in the form prescribed by Fed. R. App. P. 27 for motions or on a form provided by the clerk. The clerk shall refer the request and other relevant materials to a three-judge panel. After the panel has granted or denied such a request, the clerk shall enter a briefing order directing the parties to file briefs addressing the issues the Court will review.*

NOTE: Section (2) of this Rule parallels Section (1). Just as Section (1) prescribes separate procedures depending on whether the appellant files a request for a certificate before a briefing order is entered, Section (2) makes different provisions depending on whether a request to expand the certificate is filed before a briefing order is entered.
    Subsection (2)(A) addresses the situation in which the request is filed, and provides that the request will be considered before the Court enters its briefing order. In both language and effect, this section is substantially identical to Subsection (1)(A) of the Rule.

*(B) If no express request to expand the certificate has been filed pursuant to Subsection (2)(A) of this Rule, the clerk shall enter a briefing order directing the parties to file briefs addressing the issues certified for review by the district court. If the appellant's brief on the merits addresses*

07/08/03                                                   22-2

*issues beyond the scope of the certificate granted by the district court, this Court will not review those additional issues unless the appellant files, simultaneously with the brief on the merits, a statement containing the names of the parties, the case number, and a list of the issues that the appellant wishes to add to the certificate. Such statement may also, but need not, present reasons why the certificate should be expanded. Upon receipt of the statement, the clerk shall suspend briefing and refer the brief, the statement, and other relevant materials to a three-judge panel. Once the panel has determined whether to expand the certificate, the clerk shall enter a Final Briefing Order specifying the issue or issues the Court will review.*

> NOTE: Subsection (2)(A) governs the situation in which the district court grants a certificate as to some issues and the appellant wishes to raise additional issues but does not request expansion of the certificate before a briefing order is entered. Under this subsection, the appellant must brief all the issues he wishes to raise and then file a separate statement identifying the issues he has addressed that were not certified by the district court. If the appellant does not file an appropriate statement, the Court will not review any issues beyond the scope of the certificate granted by the district court. Cf. Valerio v. Crawford, 306 F.3d 742, 764-65 (9th Cir. 2002) (en banc) (discussing circuit rule barring expansion of certificate absent express request). When, however, the appellant files a proper statement, the Court will suspend briefing and decide whether to expand the certificate before requiring the appellee to file its brief; this process parallels the process for granting a certificate ab initio, as described in Subsection (1)(B).
>
> The purpose of the statement described in Subsection (2)(A) is to trigger the pause in the briefing process during which the Court will consider whether to expand the certificate. This pause will assist the Court in complying with Miller-El v. Cockrell, 123 S. Ct. 1029 (2003), by ensuring a separation between the certification inquiry and the final inquiry into the merits.
>
> The statement required by this subsection need not be long or detailed in order to serve its underlying purpose. On the contrary, the Court will accept a simple list of issues addressed in the brief but not certified for review by the district court, although the appellant is also permitted to present a more extended discussion. The clerk may provide appellants with an explanation of the statement requirement along with a warning that failure to file an appropriate statement will result in forfeiture of all issues beyond the scope of the certificate granted by the district court.

*(3) A request to grant or expand a certificate, including a brief filed pursuant to Subsection (1)(B) of this Rule or a brief and statement filed pursuant to Subsection (2)(B), shall be referred to a panel of three judges. If any judge of the panel is of the opinion that the applicant has made the showing required by 28 U.S.C. § 2253(c), the certificate will issue.*

> NOTE: Section (3) retains our current practice of referring requests for certification to three-judge panels. While Fed. R. App. P. 22(a) may afford the Court some flexibility in this matter, the use of three-judge panels is consistent with Fed. R. App. P. 27(c), which provides that a single judge "may not dismiss or otherwise determine an appeal or other proceeding."
>
> The authority for a single judge to issue a certificate derives from § 2253. See 28 U.S.C. § 2253(c)(1) (providing that certain appeals may not proceed "[u]nless a circuit justice or judge issues a certificate of appealability").

*(4) In considering a request to grant or expand a certificate, including a brief filed pursuant to Subsection (1)(B) of this Rule or a brief and statement filed pursuant to Subsection (2)(B), the panel or any judge of the panel may request additional submissions from either party.*

> NOTE: This section allows the panel to either rule on a certificate based on the materials already received or seek additional information from the parties. Although the Rule does not limit panel

07/08/03                                                      22-3

discretion, it is likely that panels will seek additional submissions in relatively few cases and will instead issue (or expand) a certificate if the appellant has made a sufficient showing to justify further inquiry.

*(5) Notwithstanding any other statement within this Rule, whenever the Court appoints counsel for a pro se appellant, counsel shall have an opportunity to file a brief on the merits addressing all issues as to which the district court or this Court has granted a certificate, unless the Court directs otherwise.*

NOTE: This section reflects our current practice of ordering a second round of briefing whenever the Court appoints counsel in a pro se case.  This section will prevent any inference that the new Rule has either altered that practice or reduced the discretion of the Court to follow a different procedure in a particular case.

**Local Rule 22(b).  Death Penalty Cases and Motions for Stay of Execution.**
*(1) **Statement Certifying Existence of Sentence of Death.**  Whenever a petition for writ of habeas corpus or motion to vacate a federal sentence in which a sentence of death is involved is filed in the district court or the Court of Appeals, the petitioner shall file with the petition a statement certifying the existence of a sentence of death and the emergency nature of the proceedings and listing any proposed date of execution, any previous cases filed by petitioner in federal court and any cases filed by petitioner pending in any other court.  The clerk of the district court shall immediately forward to the Court of Appeals a copy of any such statement filed, and shall immediately notify by telephone the Court of Appeals upon issuance of a final order in that case.  If a notice of appeal is filed, the clerk of the district court shall transmit the available record forthwith.  The clerk of the Court of Appeals will maintain a special docket for such cases and these cases shall be presented to the Court of Appeals on an expedited basis.*
*(2) **Lodging of Documents.**  In cases in which an execution date has been set, counsel shall lodge with the clerk of the Court of Appeals all district court documents as they are filed and any pertinent state court materials.  If an execution date is imminent, counsel may also lodge proposed appellate papers in anticipation of having to seek emergency appellate relief.*
*(3) **Motion for Stay of Execution.**  Any motion for stay of execution shall be considered initially in conjunction with any pending application for a certificate of appealability.  Should a party file a motion to stay execution or a motion to vacate an order granting a stay of execution, the following documents shall accompany such motion:*
*(a) The habeas petition or motion to vacate filed in the district court;*
*(b) Each brief or memorandum of authorities filed by either party in the district court;*
*(c) Any available transcript of proceedings before the district court;*
*(d) The memorandum opinion giving the reasons advanced by the district court for denying relief;*
*(e) The district court judgment denying relief;*
*(f) The application to the district court for stay;*
*(g) Any certificate of appealability or order denying a certificate of appealability;*
*(h) The district court order granting or denying a stay and a statement of reasons for its action; and*
*(I) A copy of the docket entries of the district court.*
**Local Rule 22(c).  Petitions for Rehearing in Death Penalty Cases.**
*Once the Court's mandate has issued in a death penalty case, any petition for panel or en banc*

*rehearing should be accompanied by a motion to recall the mandate and motion to stay the execution.*

*Generally, the Court will not enter a stay of execution solely to allow for additional time for counsel to prepare, or for the Court to consider, a petition for rehearing. Consequently, counsel should take all possible steps to assure that any such petition is filed sufficiently in advance of the scheduled execution date to allow it to be considered by the Court. Counsel should notify the Clerk's Office promptly of their intention to file a petition for rehearing so that arrangements can be made in advance for the most expeditious consideration of the matter by the Court.*

***Local Rule 22(d). Motions for Authorization.***

*Any individual seeking to file in the district court a second or successive application for relief pursuant to 28 U.S.C. § 2254 or § 2255 shall first file a motion with the Court of Appeals for authorization as required by 28 U.S.C. § 2244, on the form provided by the clerk for such motions. The motion shall be entitled "In re _____, Movant." The motion must be accompanied by copies of the § 2254 or § 2255 application which movant seeks authorization to file in the district court, as well as all prior § 2254 or § 2255 applications challenging the same conviction and sentence, all court opinions and orders disposing of those applications, and all magistrate judge's reports and recommendations issued on those applications. The movant shall serve a copy of the motion with attachments on the respondent named in the proposed application and shall file an original and three copies of the motion with attachments in the Court of Appeals. Failure to provide the requisite information and attachments may result in denial of the motion for authorization.*

*If the Court requires a response to the motion, it will direct that the response be received by the clerk for filing within no more than seven calendar days. The Court will enter an order granting or denying authorization within 30 days of receipt of the motion by the clerk for filing, and the clerk will certify a copy of the order to the district court. If authorization is granted, a copy of the application will be attached to the certified order for filing in the district court. No motion or request for reconsideration, petition for rehearing, or any other paper seeking review of the granting or denial of authorization will be allowed.*


*__I.O.P.-22.1. Death Penalty Cases__. Once a notice of appeal has been filed in a case involving a sentence of death where an execution date has been set, a panel of three judges will be promptly identified for consideration of all matters related to the case. The position of coordinator of case information in death penalty cases has been established in the Clerk's Office of the Court of Appeals for the purpose of establishing personal liaison with district court personnel and counsel to aid in the expeditious treatment of appeals involving a sentence of death. An expedited briefing schedule will be established when necessary to allow the Court the opportunity to review all issues presented.*

07/08/03                                   22-5

*Local Rule 22(a) amended December 1, 1995, June 5, 1996, December 1, 1998, and July 8, 2003.*
*Local Rule 22(b) amended December 1, 1995 and June 5, 1996.*
*Former I.O.P.-22.3 redesignated Local Rule 22(c) December 1, 1995; Local Rule 22(c) amended December 1, 1998 and December 1, 2002.*
*Local Rule 22(d) added June 5, 1996, and amended December 1, 2002.*
*Former I.O.P.-22.1 deleted December 1, 1995.*
*Former I.O.P.-22.2 redesignated I.O.P.-22.1 December 1, 1995, and amended June 1, 1999.*