Document 1

Document 2

Document 3

```
             UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

                              NOTICE OF JUDGMENT
                              August 16, 2006

TO:          Fernando Groene, Esq.
             Michael James Elston, Esq.
             Thomas Ernest Booth, Esq.
             Gerald Thomas Zerkin, Esq.
             Amy Leigh Austin, Esq.
             Jeffrey Lance Stredler, Esq.

             Judgment was entered this date in Case Number(s):   05-10
                                                                 05-11

             The Court's decision is enclosed.

                        PETITION FOR REHEARING (FRAP 40)
                        PETITION FOR REHEARING EN BANC (FRAP 35)

Filing       A petition must be received in the clerk's office within 14
Time         days after judgment to be timely. There are three exceptions
             to this rule:

             (1)  In all civil cases in which the United States or an agency
             or officer thereof is a party, any petition for rehearing must
             be received in the clerk's office within 45 days after entry of
             judgment.

             (2)  The Court may grant an extension of time or leave to file a
             petition for rehearing out of time if the party establishes that
             the delay resulted from the death or serious illness of counsel
             or a family member (or of a party or family member in pro se
             cases) or other circumstances wholly beyond the control of counsel
             or a party proceeding without counsel.

             (3)  Prisoner petitions are deemed filed when delivered to
             prison authorities.

             If a petition for rehearing en banc is to be filed, it must be
             filed at the same time and in the same document as the petition
             for rehearing and must be clearly identified in the title.

             Each case number to which the petition applies must be listed
             on the petition, even in companion or consolidated cases.
             Failure to list the individual case numbers on the petition
             will result in the unidentified cases proceeding to mandate
             even if a timely petition for rehearing has been filed in a
             companion or consolidated case.

             A timely filed petition for rehearing or petition for rehearing
             en banc will stay the mandate and toll the running of time for
             filing a petition for writ of certiorari.

Purpose      A petition should only be made to direct the Court's attention
             to one or more of the following situations:

             1. A material fact or law overlooked in the decision.
             2. A change in the law which occurred after the case was submitted
```

and which was overlooked by the panel.
3. The opinion is in conflict with a decision of the United States Supreme Court, this Court, or another court of appeals, and the conflict is not addressed in the opinion.
4. The proceeding involves one or more questions of exceptional importance.

Statement of Counsel    A petition shall contain an introduction stating that, in counsel's judgment, one or more of the situations exist as described in the above "Purpose" section. The points to be raised shall be succinctly listed in the statement.

Form    The 15 page limit allowed by the Rule shall be observed. The Court requires 4 copies of the petition (20 copies of a petition for rehearing en banc), and a copy of the Court's opinion must be attached to each copy of the petition.

## BILL OF COSTS (FRAP 39)

Filing Time    A party to whom costs are allowed, who desires taxation of costs, shall file a bill of costs on or before 08/30/06.

## MANDATE (FRAP 41)

Issuance Time    In original proceedings before this Court, there is no mandate. Unless the Court shortens or extends the time, in all other cases, the mandate issues 7 calendar days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay the issuance. If the petition or motion is denied, the mandate will issue 7 calendar days later. If a stay of mandate is sought, only the original of a motion need be filed.

Stay    A motion for stay of the issuance of the mandate shall not be granted simply upon request. Ordinarily the motion will be denied unless it would not be frivolous or filed merely for delay and would present a substantial question or otherwise set forth good or probable cause for a stay.

## CRIMINAL CASES (Plan in Implementation of the CJA)

Criminal    In criminal cases, counsel must inform the defendant in writing of the right to file a petition for writ of certiorari from an adverse decision of this Court. Counsel appointed under the Criminal Justice Act must file their vouchers within 60 days of entry of judgment, denial of a petition for rehearing, or the grant or denial of a petition for writ of certiorari, whichever is later.

## PETITION FOR WRIT OF CERTIORARI  (Sup.Ct.R. 13)

Filing Time    Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. The petition must be filed in the United States Supreme Court within 90 days of this Court's entry of judgment.

The time does not run from the issuance of the mandate.  If a petition for rehearing is timely filed, the time runs from the denial of that petition.  Content, fees, and number of copies of a petition for writ of certiorari are governed by the Rules of the United States Supreme Court.

JUDGMENT

FILED: August 16, 2006

UNITED STATES COURT OF APPEALS

for the

Fourth Circuit


No. 05-10
CR-98-47
CA-03-356-2


UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

RICHARD THOMAS STITT, a/k/a Patrick V. Hardy, a/k/a Tom Tom

Defendant - Appellant


No. 05-11
CR-98-47
CA-03-356-2


UNITED STATES OF AMERICA

Plaintiff - Appellant

v.

RICHARD THOMAS STITT, a/k/a Patrick V. Hardy, a/k/a Tom Tom

Defendant - Appellee


--------------------
Appeals from the United States District Court for the
Eastern District of Virginia at Norfolk
--------------------


In accordance with the written opinion of this Court filed this day, the Court dismisses the appeals.  These cases are remanded to the District Court for further proceedings consistent with the Court's opinion.

A certified copy of this judgment will be provided to the District Court upon issuance of the mandate.  The judgment will take effect upon issuance of the mandate.

/s/ Patricia S. Connor
_____
CLERK

**ON SUPPLEMENTAL BRIEFING**

**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

RICHARD THOMAS STITT, a/k/a Patrick
V. Hardy, a/k/a Tom Tom,
*Defendant-Appellant.*

No. 05-10

UNITED STATES OF AMERICA,
*Plaintiff-Appellant,*

v.

RICHARD THOMAS STITT, a/k/a Patrick
V. Hardy, a/k/a Tom Tom,
*Defendant-Appellee.*

No. 05-11

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CR-98-47; CA-03-356-2)

Argued: January 31, 2006

Decided: March 24, 2006

Decided on Supplemental Briefing: August 16, 2006

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

Dismissed and remanded by published opinion. Judge Motz wrote the opinion, in which Judge Widener and Judge Williams joined. Judge Williams wrote a separate concurring opinion.

---

**COUNSEL**

**ARGUED**: Amy Leigh Austin, Assistant Federal Public Defender, Gerald Thomas Zerkin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Richard Thomas Stitt. Thomas Ernest Booth, UNITED STATES DEPARTMENT OF JUSTICE, Criminal Division, Washington, D.C., for the United States. **ON BRIEF:** Frank W. Dunham, Jr., Federal Public Defender, Alexandria, Virginia; Jeffrey L. Stredler, WIL-LIAMS MULLEN, Norfolk, Virginia, for Richard Thomas Stitt. Paul J. McNulty, United States Attorney, Howard J. Zlotnik, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for the United States.

---

**OPINION**

DIANA GRIBBON MOTZ, Circuit Judge:

Richard Thomas Stitt filed this habeas action pursuant to 28 U.S.C. § 2255 (2000) after exhausting all direct appeals of his convictions of and capital sentence for drug, firearms, and capital murder offenses. The district court rejected Stitt's claims pertaining to his guilt, but vacated Stitt's capital sentence after finding that Stitt's counsel provided constitutionally ineffective representation during the sentencing phase of Stitt's trial. The Government appealed the district court's judgment vacating Stitt's sentence, and we granted Stitt a certificate of appealability on his claim that his lawyer was constitutionally ineffective during the guilt phase of Stitt's trial. We heard argument in this case and thereafter published an opinion affirming the judgment of the district court in all respects and remanding the case for resentencing. *See United States v. Stitt*, 441 F.3d 297 (4th Cir. 2006).

Prior to the issuance of the mandate in this case, we discovered Supreme Court precedent indicating that we lacked jurisdiction over

this appeal. *See Andrews v. United States*, 373 U.S. 334 (1963). Because we have an obligation to inquire into jursidictional issues *sua sponte*, *see, e.g.*, *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 304 (4th Cir. 2006), we withheld the issuance of the mandate and directed the parties to submit supplemental briefs addressing the jurisdictional question. After consideration of those briefs and the relevant legal authorities, we now conclude that we lack jurisdiction over this appeal. Accordingly, we recall our earlier opinion, vacate our judgment, and dismiss the appeal for lack of jurisdiction.

Section 2255 provides that, if the district court finds that the petitioner is entitled to relief, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255 ¶ 2. The statute also provides that "[a]n appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus." *Id.* ¶ 4.

In *Andrews*, the petitioners challenged the constitutionality of their sentences under § 2255. *See Andrews*, 373 U.S. at 336. The district court granted them relief, vacated their sentences, and ordered that they be resentenced. The Government appealed, and the district court stayed petitioners' resentencing. *Id.* The court of appeals reversed and remanded, but the Supreme Court set aside the judgment of the court of appeals, holding that the court of appeals lacked jurisdiction. *See id.* at 340. The Supreme Court explained that § 2255 provides a list of possible remedies that include discharging the prisoner, resentencing him, granting a new trial, or correcting the sentence. *See id.* at 339 (quoting 28 U.S.C. § 2255 ¶ 2). The Court reasoned that the district court's judgment did not become final until it granted the appropriate remedy: "Where, as here, what was appropriately asked and appropriately granted was the resentencing of the petitioners, it is obvious that there could be no final disposition of the § 2255 proceedings until the petitioners were resentenced." *Id.* at 339.

The Court explained that "[t]he basic reason for the rule against piecemeal interlocutory appeals in the federal system is particularly apparent in the cases before us. Until the petitioners are resentenced, it is impossible to know whether the Government will be able to show

any colorable claim of prejudicial error." *Id.* at 340. Subsequent cases interpreting *Andrews* squarely hold that a district court's judgment vacating a sentence does not become final — and thus is not appealable — until the court has resentenced the defendant. *See, e.g.*, *United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000).

In arguing that we should treat the district court's judgment as final, the Government cites *United States v. Gordon*, 156 F.3d 376 (2d. Cir. 1998), and *United States v. Allen*, 613 F.2d 1248 (3d Cir. 1980). But in those cases the judgment of the district court *vacated the convictions and ordered a new trial*. *Gordon*, 156 F.3d at 377; *Allen*, 613 F.2d at 1249-50. Even if we were inclined to follow those cases, a question we need not decide here, they certainly do not govern the appealability of the order at issue here, which, like that in *Andrews*, 373 U.S. at 339, vacated a sentence and "returned [the case] to the trial court" for resentencing. In such cases, *Andrews* mandates that there is no final judgment "until the prisoners [a]re resentenced." *Id.* at 340.

We recognize that, should it decide to reconsider this issue, the Supreme Court may adopt the Government's argument and hold that a district court's order vacating a capital sentence is an appealable final order. However, if a Supreme Court precedent "has direct application in a case," we must follow it, leaving to the Supreme Court "the prerogative of overruling its own decisions." *Agostini v. Felton*, 521 U.S. 203, 238 (1997). In this case, a Supreme Court precedent, *Andrews*, holds that an order vacating a sentence does not become final until resentencing occurs; *Andrews* is controlling and we must follow it.

Accordingly, because Stitt has not yet been resentenced, we find that we lack jurisdiction over this appeal.* We dismiss the appeal for lack of jurisdiction and remand to the district court for resentencing.

---

*The district court's order denying Stitt relief as to his guilt phase claims will also not become final until Stitt is resentenced. *See Corey v. United States*, 375 U.S. 169, 174 (1963); *United States v. Lanham*, 631 F.2d 356, 357 (4th Cir. 1980) ("[I]n a criminal case, final judgment means conviction and sentence."). Thus, we lack jurisdiction over Stitt's challenge to his convictions as well as the Government's appeal of the district court's judgment vacating Stitt's sentence.

*DISMISSED AND REMANDED*

WILLIAMS, Circuit Judge, concurring:

I fully concur in Judge Motz's opinion. I write separately to elaborate on my view that we lack jurisdiction over Stitt's appeal. While I agree with the Government that our holding may lead to an inefficient allocation of resources, I believe that the text of 28 U.S.C.A. § 2255 (West Supp. 2006) — and the Supreme Court's prior interpretation of this statute — compels us to conclude that jurisdiction is lacking over an appeal of a district court order that grants a § 2255 petitioner a future capital resentencing hearing, but does not actually accomplish the resentencing itself.

As Judge Motz notes, *Andrews v. United States*, 373 U.S. 334 (1963), held that appellate jurisdiction is lacking over a district court's order that contemplates a § 2255 petitioner will be resentenced at some time in the future but does not actually accomplish the task of resentencing the petitioner. *Id.* at 338-340. This holding was based on the Supreme Court's interpretation of what is now paragraphs 2 and 4 of § 2255.[1] Paragraph 2 provides that if the district court determines collateral relief is appropriate, it may remedy the petitioner's unlawful conviction or sentence in one of four ways: "the court . . . shall [1] discharge the prisoner or [2] resentence him or [3] grant a new trial or [4] correct the sentence as may appear appropriate." 28 U.S.C.A. § 2255. Paragraph 4 provides that "[a]n appeal may be taken to the court of appeals from the order entered on the [§ 2255] motion. . . ." *Id.* According to the Supreme Court, a district court's order that contemplates a future sentencing is preliminary to an order actually "resentenc[ing the petitioner]" under paragraph 2, and is therefore not "the order entered on the [§ 2255] motion" under paragraph 4. *Andrews*, 373 U.S. at 340. Accordingly, no appeal can be taken from such an order. *Id.*

Here, the district court vacated Stitt's sentence and entered an order stating that it would schedule a hearing to determine Stitt's appropri-

---

[1]Although Congress has modified 28 U.S.C.A. § 2255 (West Supp. 2006) since the Supreme Court decided *Andrews v. United States*, 373 U.S. 334 (1963), the relevant statutory language has not changed.

6    UNITED STATES v. STITT

ate sentence. The district court, however, did not actually conduct a resentencing hearing, and, to this day, it has not done so. Accordingly, under a straightforward application of *Andrews*, the district court's order is not appealable.

In seeking to avoid this conclusion, the Government contends that *Andrews* is distinguishable on the grounds that the district court here ordered that Stitt be given a future *capital* resentencing hearing. At a capital sentencing hearing, unlike a non-capital sentencing hearing, the convicted defendant is entitled to a hearing before a jury on the issue of whether death is the appropriate penalty for his crime. *See* 18 U.S.C.A. § 3593 (West 2000); *see also Ring v. Arizona*, 536 U.S. 584 (2002). According to the Government, allowing appellate review of the district court's order granting a future capital resentencing hearing avoids the waste of resources — and in particular, all of the procedures that attend the jury right — that would arise if appellate review were postponed until after the capital resentencing hearing has occurred and the appellate court has determined that resentencing was not warranted in the first place. In support of its argument, the Government points out that appellate jurisdiction exists over an order granting a § 2255 petitioner a future new *trial* on the issue of guilt, *see United States v. Gordon*, 156 F.3d 376, 378-79 (2d Cir. 1998); *United States v. Allen*, 613 F.2d 1248, 1250-52 (3d Cir. 1980); *United States v. Dunham Concrete Prods., Inc.*, 501 F.2d 80, 81 (5th Cir. 1974), a proceeding at which, of course, the petitioner would also have the right to a jury.[2]

The Government's logic is seductive. Indeed, I surmise that one reason Congress provided an order granting a future new trial on the

---

[2]Although Judge Motz's opinion reserves judgment on this issue, *see ante* at 4, it is plain enough that a district court's order granting a future new trial is appealable. If, as in *Andrews*, the district court's order granting a future resentencing hearing was not appealable because one of the four remedies authorized by § 2255 is the order accomplishing the "resentenc[ing]" itself, it follows that a district court's order granting a future new trial is appealable because the "grant [of a future] new trial," unlike the grant of a future resentencing, is one of the four remedies authorized by § 2255. *See United States v. Gordon*, 156 F.3d 376 (2d Cir. 1998); *United States v. Allen*, 613 F.2d 1248 (3d Cir. 1980).

issue of guilt is appealable is that it would waste litigants' and the district courts' resources to conduct the new trial — with all of its attendant procedural requirements (selecting the jury, making opening and closing arguments to the jury, jury deliberations, etc.) — only for the appellate court to determine, after the trial was completed, that it was not necessary in the first place. Likewise, the procedures required to conduct a capital resentencing hearing are likely so similar to the guilt phase of a criminal trial in this regard that it would be sensible also to treat an order granting a future capital resentencing hearing as appealable.

In my view, however, the text of § 2255, coupled with *Andrews'* prior interpretation thereof, compels a conclusion that the district court's order granting Stitt a future capital resentencing hearing is not appealable, irrespective of the procedural similarities that may exist between the guilt phase of a criminal trial and a capital sentencing. *See Allen*, 613 F.2d at 1250 ("The crucial question in [§ 2255 cases] in determining finality is whether the district court has entered one of the orders specified in paragraph [2] of § 2255."). As noted, § 2255 provides, inter alia, that the district court may enter an order either "grant[ing the petitioner a future] new trial" or "resentenc[ing the petitioner]" and that such orders are appealable. A "trial" is "[a] formal judicial examination of evidence and determination of legal claims in an adversary proceeding." *Black's Law Dictionary* 1543 (8th ed. 2004). This definition — which makes no mention of a jury — would seem to encompass both the guilt phase of a trial and a sentencing hearing, capital or otherwise. After all, every sentencing hearing, like every criminal trial, involves an examination of facts and law. Accordingly, if § 2255 provided that only orders "grant[ing the petitioner a future] new trial" were appealable, I might be persuaded that an order granting a future resentencing hearing was appealable. But that is not what § 2255 provides. Rather, it separately provides that the order imposing a sentence — pursuant to a "resentenc[ing]" — upon the petitioner is also appealable, and, by logical implication, that orders granting a *future* resentencing hearing are not appealable. Indeed, that is the holding of *Andrews*. 373 U.S. at 339.

If an order granting the petitioner a future "resentenc[ing]" *is not* appealable and an order "grant[ing the petitioner a future] new trial" *is* appealable, it is clear that the terms "resentenc[ing]" and "trial" are

mutually exclusive and, accordingly, they must have different meanings. Indeed, a "sentence" is "[t]he judgment that a court formally pronounces after finding a criminal defendant guilty; the punishment imposed on a criminal wrongdoer." *Black's Law Dictionary* 1393 (8th ed. 2004). I therefore conclude that § 2255's reference to a "resentencing" must refer to "a new proceeding designed to determine the punishment imposed on a criminal wrongdoer" and, by process of elimination, that its reference to a "new trial" must refer to "a new proceeding designed to determine whether a defendant should be convicted as guilty of the charged crime."

Applying these definitions, it becomes clear that a future capital resentencing hearing, like a future non-capital resentencing hearing, is a "resentenc[ing]" and not a "new trial" for purposes of § 2255. While a capital sentencing shares some of the procedural requirements afforded defendants at the guilt phase of a criminal trial the purpose of a capital sentencing hearing, like the purpose of any sentencing hearing, is to determine the proper punishment to be imposed on a criminal wrongdoer, not to determine whether a defendant should be convicted of the charged crime. Accordingly, under *Andrews*, a district court's order granting a future capital resentencing hearing, such as the order at issue here, is not appealable.

This conclusion is not undercut by *Ring v. Arizona*, 536 U.S. 584 (2002), which held that the Sixth Amendment requires aggravating circumstances be proven to a jury before the death penalty may be imposed because the aggravating circumstances "operate as the functional equivalent of an element of a greater offense" than a non-capital version of the same offense, *id.* at 609 (internal quotation marks omitted), nor by *Sattazahn v. Pennsylvania*, 537 U.S. 101 (2003), which interpreted *Bullington v. Missouri*, 451 U.S. 430 (1981), to hold that, for the same reason, the Fifth Amendment's Double Jeopardy Clause applies to capital sentencing proceedings, *id.* at 111 (plurality opinion of Scalia, J., joined by Rehnquist, C.J., and Thomas, J.), 125 n.6 (opinion of Ginsburg, J., joined by Stevens, J., Souter, J., and Breyer, J., dissenting on other grounds). The question here is not whether a capital sentencing hearing is "the functional equivalent" of a trial *for Sixth or Fifth Amendment purposes*, but whether a future capital sentencing hearing is better described as a "resentenc[ing]" or a "new trial" *for purposes of § 2255*. Considering

that the statutory provision authorizing district courts to conduct capital sentencing hearings call such proceedings "sentencing hearing[s] to determine the punishment to be imposed," 18 U.S.C.A. § 3593(b) — not "trials to determine whether the defendant should be convicted" — and, accordingly, that the end result of a capital sentencing hearing is a sentence — not a conviction — I cannot conclude that recent development's in the Supreme Court's Sixth and Fifth Amendment jurisprudence has affected the meaning of § 2255. After all, § 2255 distinguishes between "resentenc[ings]" and "new trial[s]," not "resentenc[ings]" and "those proceedings that are the functional equivalent of a new trial for Sixth and Fifth Amendment purposes."[3]

---

[3]In further support of its argument that we have jurisdiction over this appeal, the Government argues that if the jurors at Stitt's future capital resentencing hearing find that the Government failed to prove one or more aggravating circumstances beyond a reasonable doubt, the Double Jeopardy Clause will prohibit it from appealing the district court's decision to grant Stitt a capital resentencing hearing in the first place. *See Sattazahn v. Pennsylvania*, 537 U.S. 101, 109 (2003) (holding that although the Double Jeopardy Clause applies to capital sentencing hearings, it does not prohibit a second capital sentencing hearing when the first capital jury made no findings with respect to the aggravating circumstances).

I disagree. Although the Double Jeopardy Clause prohibits "subjecting the defendant to postacquittal factfinding proceedings," *Smalis v. Pennsylvania*, 476 U.S. 140, 146 (1986), it does not prohibit the Government from appealing an acquittal if the defendant would not be exposed to a second trial were the appeal successful. *See, e.g.*, *Smith v. Massachusetts*, 125 S. Ct. 1129, 1134 (2006) ("When a jury returns a verdict of guilty and a trial judge (or an appellate court) sets aside that verdict and enters a judgment of acquittal, the Double Jeopardy Clause does not preclude a prosecution appeal to reinstate the jury verdict of guilty."); *United States v. Wilson*, 420 U.S. 332, 345 (1975) (noting, in case where Government appealed the district court's grant of motion for judgment n.o.v. following jury verdict of guilty, that "[a]lthough review of any ruling of law discharging a defendant obviously enhances the likelihood of conviction and subjects him to continuing expense and anxiety, a defendant has no legitimate claim to benefit from an error of law when that error could be corrected without subjecting him to a second trial before a second trier of fact"). Even if, therefore, the Government fails at Stitt's capital resentencing hearing to prove one or more aggravating circumstances

10                    UNITED STATES v. STITT

In short, I share the Government's concerns that our holding that we lack appellate jurisdiction over a district court's order contemplating a future capital resentencing hearing may, in some cases, lead to an inefficient allocation of resources. I believe, however, for the reasons stated by Judge Motz and those I have stated above, that this holding is compelled by the text of § 2255 and *Andrews*' prior interpretation thereof. To conclude otherwise would abandon the text in favor of my own policy judgment. *See Sigmon Coal Co., Inc. v. Apfel*, 226 F.3d 291, 308 (4th Cir. 2000), *aff'd* 534 U.S. 438 (2002) ("[E]ven if . . . the literal text of the statute produces a result that is, arguably, somewhat anomalous — we are not simply free to ignore unambiguous language because we can imagine a preferable version."). The opinions in this case should place Congress on notice of the problems inherent in the text of § 2255, and Congress may fix those problems if it sees fit to do so.

With these observations, I concur in Judge Motz's opinion.

---

beyond a reasonable doubt, we may, upon appeal, "simply order the [original capital sentencing] jury's [decision to impose the death penalty] reinstated; no new factfinding would be necessary, and the defendant would not be twice placed in jeopardy." *Arizona v. Rumsey*, 467 U.S. 203, 212 (1984).